IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA EX REL.** | : | **CIVIL ACTION** |
| **MARY J. BROWN and KEVIN WAITE** | : | |
| **and on behalf of** | : | |
| **THE STATES OF CALIFORNIA, DELAWARE,** | : | |
| **THE DISTRICT OF COLUMBIA, FLORIDA,** | : | |
| **HAWAII, ILLINOIS, LOUISIANA,** | : | |
| **MASSACHUSETTS, NEVADA, TENNESSEE,** | : | |
| **TEXAS AND VIRGINIA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CAREMARKPCS,f/k/a ADVANCE PARADIGM** | : | |
| **INC., a direct subsidiary of** | : | |
| **CAREMARK RX, Inc., a Delaware** | : | |
| **Corporation** | : | **02-9236** |

**ORDER**

        AND NOW, this 24th day of October 2005, upon consideration of the Relators' Joint Motion That the Court Exercise Jurisdiction and Require the States to Make Their Intervention Decisions (Paper #80), the Defendant's Memorandum of Law in Regard to Supplemental Jurisdiction (Paper #78), the United States' Memorandum Regarding Disposition of Pending State Claims (Paper #81), the Relators' Joint Reply to Defendant's Memorandum of Law in Regard to Supplemental Jurisdiction (Paper #84), the State of Florida's Brief Regarding Jurisdiction (Paper #76), the Commonwealth of Massachusetts' letter regarding supplemental jurisdiction (Paper #82), and the City of Vidalia's Brief in Support of City's Intervention and in Support of the Court Exercising Jurisdiction (Paper # 96), following a hearing on August 11, 2005, at which counsel for all parties were heard, it appearing that:

A. This qui tam action was brought on behalf of the United States under the federal  False Claims Act, 31 U.S.C. § 3729, and of eleven states and the District of Columbia under each of their respective false claims statutes.

B.  Among the entities on whose behalf the relators brought this claim, the United States, the State of Florida, the Commonwealth of Massachusetts, and the City of Visalia, a California political

subdivision, have intervened.  The States of California, Delaware, Illinois, Louisiana, Tennessee, and Texas have not yet made their intervention decisions.  Claims on behalf of the States of Hawaii and Nevada (Counts VI and X) were voluntarily dismissed on September 6, 2005.

C. Following settlement between the United States, relators, and AdvancePCS, all claims under the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, were dismissed on September 8, 2005.  There is no diversity jurisdiction.

D.  All remaining claims in plaintiffs' complaint allege violations of state laws.

E.  There is no diversity jurisdiction.  This court has supplemental jurisdiction over the remaining  state law claims under 31 U.S.C. § 3732 and 28 U.S.C. § 1367(a).[1]

F.  A district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

G. When a district court dismisses the claim over which it has original jurisdiction before trial, it must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative

---

[1] In their Joint Motion that the Court Exercise Jurisdiction, Pursuant to 31 U.S.C. § 3732(b) or 28 U.S.C. § 1367(a), Over State *qui tam* Claims and Require the States to Make Their Intervention Decisions, relators argue that Section 3732(b) of the False Claims Act constitutes "a direct and independent grant of jurisdiction to district courts over parallel state claims" and imply that the court does not have discretion to decline to exercise the jurisdiction granted under 31 U.S.C. § 3732(b).
    Section 3732(b) allows district courts to exercise jurisdiction over state law claims related to a claim under the federal False Claims Act, over which the court has original jurisdiction.  Although this appears to be a matter of first impression, the Court does not believe the grant of supplemental jurisdiction in the False Claims Act, 31 U.S.C. § 3732(b), overrides the statute governing supplemental jurisdiction, 28 U.S.C. § 1367; the discretion whether or not to exercise jurisdiction after the federal law claims have been dismissed continues to apply.
    Relators did not address the applicability of 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) even if there were original rather than supplemental jurisdiction.

justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

H. Principles of economy, convenience, comity, and fairness suggest this action should be dismissed without prejudice so that the remaining state law claims may be adjudicated by the respective state courts. Exercising supplemental jurisdiction would require the court to adjudicate claims arising under nine different states' and the District of Columbia's false claims statutes. These claims can more economically be adjudicated by the respective state courts, as the witnesses and documents relating to the alleged false claims presented to the different states are more likely located in those states and the courts have greater expertise and familiarity with their own state laws. The dismissal will cause little inconvenience to the plaintiffs, since this litigation is still at an early stage with respect to the state, rather than federal, claims. The plaintiffs remain free to pursue their claims in the respective state courts; no unfairness results from the court's order as the claims arising from state law will be dismissed without prejudice.. See 28 U.S.C. § 1367(d) (state period of limitations is tolled for 30 days after dismissal of a claim over which a district court had supplemental jurisdiction).

It is **ORDERED** that:

1. Relators' Joint Motion That the Court Exercise Jurisdiction and Require the States to Make Their Intervention Decisions is **DENIED.**

2. All remaining claims in plaintiffs' Third Amended Complaint (Paper #61) (Counts II, III, IV, V, VII, VIII, IX, XI, XII, XIII, XIV) are **DISMISSED** without prejudice.

                                                    /s/ Norma L. Shapiro
                                                                S.J.